# R. H. MORRIS v. STATE.

No. A-134. Opinion Filed November 22, 1910.

1. **INTOXICATING LIQUORS — Offenses—Evidence.** For evidence sufficient to support a conviction for a violation of the prohibition law, see opinion.

2. **PARTIES TO OFFENSES—Participation—Instructions.** (a) All persons are principals who are concerned in the commission of an offense whether they profit by the commission of such offense or not.

   (b) Instructions not applicable to the case should be refused.

3. **APPEAL AND ERROR—Harmless Error — Instructions.** Although an instruction may not be technically correct, yet if the evidence is of such a character that the defendant could not have been injured thereby, the error will not authorize a reversal of the judgment.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson Judge.*

Defendant was convicted for violating the prohibition law and sentenced to confinement in jail for a period of 40 days, and to pay a fine of $3000.00, and he appeals. Affirmed.

*S. M. Rutherford,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. 1. Defendant relies in his brief upon three grounds for reversal. First: Want of testimony connecting the defendant with the sale of the whiskey. Second: Failure of the court to give the jury the instructions requested by the defendant. Third: The giving to the jury by the court of instruction number four.

The state's witness, J. P. Potts, evidently did all in his power to avoid answering the questions asked by the county attorney and to screen the defendant. Instead of weakening his testimony it only adds to its force and effect. After repeated evasions, being

closely pressed by the county attorney, the following questions were asked and answers thereto returned by the witness:

"Q. I want you to state and I now ask you if within twelve months prior to October 29, 1908, you have purchased any intoxicating liquors in the R. H. Morris place of business down on South Second street? A. Yes, sir. Q. Well, when was it? A. I think the last whiskey I got there was in September, somewhere along there. * * * Q. When was it you bought in the R. H. Morris place of business from one of his clerks, as nearly as you can remember? A. Some time in August, the last of August or the 1st of September, as near as I can remember. Q. How much did you get at that time? A. A half pint. Q. How much did you pay for it? A. Fifty cents. Q. That in this county and state. A. Yes, sir."

This evidence shows that the sale was made in the defendant's place of business and by one of his clerks, and therefore it directly connects the defendant with the sale and fully supports the verdict of the jury.

2. The defendant requested the court to instruct the jury as as follows:

"You are further instructed that, before you would be authorized to find the defendant guilty, you must find beyond a reasonable doubt that the party from whom Potts purchased this whiskey was acting under the direction, with the knowledge and consent of R. H. Morris and that R. H. Morris profited by the sale.

"You are further instructed that, if the sale was made outside of the room occupied by R. H. Morris, the defendant, and by some party other than R. H. Morris, you must also find and believe that R. H. Morris knew and consented to and was interested in such sale."

The first requested instruction was clearly erroneous because it required the jury to find beyond a reasonable doubt that R. H. Morris profited by the sale. This is not the law. Under our statute all persons are guilty as principals who are concerned in the commission of an offense, and it is immaterial as to whether or not they profit by its commission. The second instruction is not applicable to the testimony, so the court did not err in refusing the instruction requested.

3. The fourth instruction given to the jury by the court is as follows:

"The court instructs the jury that if you find from the testimony that the defendant sold intoxicating liquor as charged in the information, or that he was interested in the sale, you will find the defendant guilty, and if you do not so find you should acquit the defendant."

The court had previously instructed the jury upon the presumption of innocence and the doctrine of reasonable doubt. It is true that this instruction permitted the jury to convict the defendant if they found that he was interested in the sale, while the statute makes all persons guilty who are concerned in the commission of an offense. It may be true that the court should have used the word concerned instead of using the word interested, but this should not work a reversal of the case, because the testimony shows that the sale was made in the place of business of the defendant and by one of his clerks. The testimony also established the fact that the defendant's place of business was fixed up as a bar and that beer as well as whiskey was sold there. The defendant cannot keep such a place of business and then escape legal responsibility for what is sold there. Under these conditions the defendant could not have been injured by using the word "interested" in the sale instead of "concerned" in the sale.

The other assignments of error are not specifically presented and urged in the brief; and, even if they were, they are not of such a character as would require a reversal of the case. The judgment of the lower court is affirmed.

DOYLE and RICHARDSON, JUDGES, concur.