## CHARLEY CURRY v. STATE.

No. A-1349.   Opinion Filed March 13, 1913.

(130 Pac. 513.)

APPEAL—Review of Conviction. Where the jury find a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside in the absence of prejudicial error.

(Syllabus by the Court.)

*Appeal from District Court, Pontotoc County;*
*Robert M. Rainey, Judge.*

Charles Curry was convicted of larceny, and appeals. Affirmed.

*Crawford & Bolen,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* for the State.

DOYLE, J. Plaintiff in error, hereinafter referred to as "defendant," was tried and convicted in the district court of Pontotoc county for the offense of larceny of domestic animals and was sentenced to imprisonment for one year in the penitentiary. The judgment and sentence was entered March 3, 1911. An appeal was perfected by filing in this court September 2, 1911, petition in error with case-made.

Without going into a detailed statement of the testimony, the transcript shows that defendant came to Tyrola Friday evening and put his horse in Lewis Waldon's barn. The next night, the defendant and Lewis Waldon were seen on horseback driving two cows from Tyrola towards Francis, about 9:30 p. m. The next morning about 4 o'clock they were seen going back toward Tyrola without the cattle. This was Saturday night. Monday morning these cows strayed into Francis, their ears had been fresh marked and the bush of their tails cut off. They were placed in a lot and identified by J. M. Manley as his

cows, that were driven away from his place some time Saturday night. A witness testified that he found pieces of cow ears and the bush of their tails about half a mile from Francis. From Tyrola, where they started with the cattle, it is about 10 miles to Francis. Defendant testified on his own behalf that he was hired by Lewis Waldon to help drive the cattle and that he did not know that they were stolen.

The errors assigned are, in effect, that the verdict is contrary to the law and the evidence, and that the court erred in the instructions given. This review of the facts suffices to show that the case was one for the jury. The sufficiency of the evidence to show the commission of the crime and the guilt of defendant is not a question in the discretion of the court, and this court will not review the evidence in a case for the purpose of passing upon the weight and credibility of the evidence.

The instructions of the court were fair, and no good purpose would be served by reviewing the objections to them, further than to state that we find no error in any of the matters complained of pertaining thereto.

From a careful examination of the record we are clearly of opinion that the appeal in this case is destitute of merit.

The judgment of the district court of Pontotoc county will therefore be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.