## W. A. HIGH v. STATE.

No. A-1598.   Opinion Filed June 5, 1913.

(132 Pac. 509.)

APPEAL—Sufficiency of Evidence. Where the verdict of the jury has been approved by the trial court, and there is evidence to sustain the verdict, the judgment will be affirmed, unless it is apparent that injustice has been done.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

W. A. High was convicted of violating the prohibitory law, and appeals. Affirmed.

*Al. J. Jennings,* for plaintiff in error.
*Smith C. Matson* and *C. J. Davenport,* for the State.

DOYLE, J. Plaintiff in error was convicted in the county court of Oklahoma county on an information which charged that he did have in his possession intoxicating liquors with the unlawful intent to sell the same, and was sentenced to be confined in the county jail for a period of 60 days and that he pay a fine of $100. The judgment and sentence was entered on the 12th day of December, 1911. An appeal was

perfected, and the only assignment of error is that the evidence is insufficient to sustain the verdict.

The proof on the part of the state shows that D. Dunham, a police captain, with R. Frazier, a policeman, went into the place at 101 West Reno street, Oklahoma City, and searched the premises for intoxicating liquors, and found 50 or 60 bottles of beer on ice, concealed in the wall behind a water cooler. The defendant was present in charge of the premises, and they arrested him. The defendant as a witness in his own behalf testified that he had nothing to do with the place, except that the proprietor had asked him if he would stay there until he got back, as he was going out for a few minutes; that he did not know it was a joint, and that no booze was sold there while he had charge of the place. The sufficiency of the evidence was a question purely for the jury, and while this court has the power to interfere, that power should not be exercised, unless it is apparent that injustice has been done.

The jury, under the law, are the sole judges of the credibility of the witnesses and of the weight to be given to the evidence of each witness who testifies in the case. They had the witnesses before them, and could see their manner of testifying, and they no doubt, in determining the truth, took into consideration all the attending circumstances of the case. For anything we can know, the manner and conduct of the defendant when on the stand may have been such as to satisfy the jury that he was unworthy of belief. Where the verdict of the jury has been approved by the trial court, this court will not disturb the judgment, where there is evidence to support the verdict, unless it appears to be clearly wrong.

The judgment of the county court of Oklahoma county is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.