# TAGGART v. STATE

No. A-2570.   Opinion Filed September 18, 1916.

(159 Pac. 940.)

1.   **INDICTMENT AND INFORMATION—Conviction—Variance.** A conviction cannot be upheld where the evidence wholly fails to establish the offense charged in the information.

2.   **CONVICTION—Testimony.** The law will not permit a conviction in a haphazard way. If it did, no citizen's liberty would be secure; for even the most upright might become the victim of hearsay testimony.

*Error from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

Jim Taggart was convicted of having possession of intoxicating liquors with intent to illegally dispose of same, and he brings error.   Reversed.

*Reardon & Hereford,* of Oklahoma, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J.   The plaintiff in error was prosecuted and convicted of having possession of intoxicating liquors with intent to illegally dispose of same.

The state confesses error on the ground that the verdict and judgment is not supported by the evidence; and we have carefully read the evidence, and are forced to the same conclusion. Had the state elected to prosecute plaintiff in error for illegally transporting and conveying the beer found in his buggy, the record before us would sustain a conviction, but there is a total failure to prove that he intended to sell or otherwise furnish it to others.   There was considerable evidence concerning a fishing camp out on the river which bore the earmarks of a "booze joint," but there was no evidence admitted which connected the plaintiff in error with this camp.   There was some incompetent,

hearsay evidence tendered, which was properly ruled out by the court, which tended to connect him with this camp; and this tendered evidence doubtless left its impress upon the jury, and resulted in the verdict returned. The plaintiff in error may be guilty of the offense charged, but the law will not permit a conviction in a haphazard way. If it did, no citizen's liberty would be secure; for even the most upright might become the victim of hearsay testimony.

The judgment is reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.