### R. PIAZZI v. STATE.

No. A-2589.    Opinion Filed January 13, 1917.

(161 Pac. 1176.)

APPEAL AND ERROR—Verdict—Reversal.[1] The credibility of witnesses and the weight and value to be given their testimony are questions solely for the jury's determination; and, to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

*Appeal from County Court, Coal County;*
*P. E. Wilhelm, Judge.*

R. Piazzi, was convicted of a violation of the prohibitory law, and appeals. Affirmed.

*West & Threadgill,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. On information filed in the county court of Coal county, charging that he did unlawfully sell to one John Russell whiskey, the plaintiff in error was convicted and his punishment fixed at a fine of $75 and 30 days' confinement in the county jail. Judgment was entered October 14, 1915. It is contended that the evidence is insufficient to support the verdict. The complaining witness, John Russell, testified that he had lived in Coalgate about 18 years and had known the defendant R. Piazzi some ten or twelve years; that he bought whiskey from the defendant two or three times, paying him $1.50 and $1 therefor. Piazzi, as a witness in his own behalf, testified that he had lived in Coalgate 25 years, and that he at no time sold whiskey to the complaining witness John Russell.

After a careful examination of the record we are not prepared to say that the jury was not warranted in finding the verdict returned by them. The credibility of witnesses and the weight and value to be given their testimony are questions solely for the jury's determination; and to reverse a judgment on the ground that the verdict is contrary to the law and the evidence this court must find as a matter of law that the evidence is insufficient to support a conviction.

The record fails to show that any objections were made or exceptions taken to the instructions given by the

trial court, and we find nothing in the record indicating improper motive or prejudice on the part of the jury.

It follows that the judgment appealed from must be, and the same is hereby, affirmed.

DOYLE, P. J., and BRETT, J., concur.