## J. C. CAIN v. STATE.

No. A-2507.    Opinion Filed April 4, 1917.

(163 Pac. 958.)

INTOXICATING LIQUORS—Sale—Sufficiency of Evidence. In a prosecution for unlawful sale of intoxicating liquor, the evidence as detailed in the opinion **held** insufficient to sustain a conviction.

*Appeal from County Court, Beaver County;*
*John A. Spohn, Judge.*

J. C. Cain was convicted of a violation of the pro-hibitory law, and he appeals. Reversed.

*J. W. Culwell*, for plaintiff in error.

*R. McMillan*, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error was convicted upon a charge that he did unlawfully sell one pint of whisky to one Walter S. Kennedy. The jury failed to agree on the punishment. The court, having overruled a motion for a new trial, sentenced him to be confined in the county jail for 100 days and to pay a fine of $250. He appeals from the judgment.

Various errors have been assigned, but in the view we take of this case we deem it necessary to consider only the question of the sufficiency of the evidence to support the verdict.

The only evidence offered by the state was that of the complaining witness Kennedy, who testified that he "bought a pint of some intoxicating stuff supposed to be whisky" from Joe Cain, and paid him $1 for it; that the deal was made in Cain's restaurant at Forgan. On cross-examination this witness testified as follows:

"Q. You say you paid a dollar to Mr. Cain for something in a pint bottle? A. Yes, sir. Q. What was it? A. I called for whisky. Q. What did it taste like? A. It tasted like whisky. Q. Will you swear it was whisky? A. It was intoxicating. Q. What I want to know, will you swear it was whisky? A. It was made for whisky. Q. How long have you been living at Forgan? A. About two years. Q. Have you in the last three months been bootlegging? (Objection by county attorney sustained.) Q. You sell liquor sometimes? A. (No answer.) Q. You claim your exemption under the law from answering the question for fear it might incriminate you? A. Yes, sir."

He also admitted that he had been convicted of a crime. The state rested.

Counsel' for plaintiff in error moved the court to direct a verdict of acquittal on the ground that the evidence was insufficient to warrant a conviction, which motion was overruled. Exception allowed.

As a witness in his own behalf, J. C. Cain testified that he was engaged in the restaurant and baker business at Forgan. He denied that he had ever sold the complaining witness, Kennedy, any whisky or intoxicating liquor.

J. E. Spurier, engaged in the lumber business; C. P. Angleton, engaged in the grocery business; E. C. Lawrence, conducting a garage; R. A. Whisemont, a merchant; and a Mr. Montgomery qualified as character witnesses and testified that the general reputation of J. C. Cain as a law-abiding citizen was good, and that his reputation for truth and veracity was good. This was all the evidence on the trial of the case.

This court has always acted with great caution in granting new trials upon the ground that the verdict is contrary to the evidence, and · it is only in a case where the verdict is clearly contrary to the evidence, or when, from the doubtful· character of the evidence against the defendant and the preponderance in his favor is such that it is evident that the jury were influenced by passion or prejudice, that a judgment will be reversed because the evidence is insufficient to sustain it.

In this case the only testimony to sustain the finding of the jury is that of an ex-convict, who apparently was a professional bootlegger.

Upon a careful consideration of the evidence in the case, we are of opinion as a matter of law that the evidence was insufficient to justify a conviction. The judgment is therefore reversed.

ARMSTRONG and BRETT, JJ., concur.