## ABE DOTSON v. STATE.

No. A-2739.   Opinion Filed August 27, 1917.

Rehearing Denied September 22, 1917.

(166 Pac. 902.)

1.   **APPEAL AND ERROR—Verdict.** When a judgment of conviction is based upon the finding of a jury on controverted questions of fact, this court will not disturb the same.

2.   **INDICTMENT AND INFORMATION—Included Offenses—Assault to Kill.** An information which charges assault with intent to kill, includes the crime of assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause, and every other form of assault defined by the statute down to and including simple assault.

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Abe Dotson was convicted of assault with a dangerous weapon with intent to do bodily harm, and he appeals. Affirmed.

*L. C. McNabb,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   Abe Dotson was tried in the district court of Sequoyah county on a charge of assault with intent to kill, and convicted of assault with a sharp and dangerous weapon with intent to do bodily harm.   His punishment was fixed at imprisonment in the state penitentiary for one year and one day.

The information charges that the crime was committed upon the person of Henry Hart.   The testimony discloses the following state of facts:

The plaintiff in error, Dotson, together with J. H. and C. B. Stout, who were jointly tried and acquitted, were

white farmers living in Sequoyah county, and Hart was
a negro farmer living in the same community. Hart owned
a number of hogs, which it appears had been getting into
the field of Dotson and damaging his crops. A number of
these hogs had been killed. Upon the day of the difficulty,
Hart went to the field where Dotson and the Stouts were.
He testified that they were killing his hogs at the time.
They testified that they were not killing the hogs, but
were chasing them with dogs. Hart testified that when
he accosted Dotson about killing his hogs, Dotson, without
provocation, assaulted him with an axe, and cut great
wounds into his body; that some of his fingers were cut
almost from his hand; that a gash was cut deep in his
chest, from which he almost bled to death; that other severe
wounds were inflicted with the axe; that one of the Stouts
hit him over the head with a hammer. He exhibited a
number of ugly scars to the jury in support of his ac-
count of the difficulty, and said that he made no assault
upon the white men.

The three white men testified that the negro assaulted
Dotson, and that the Stouts went to his rescue, and were
not parties to the inflicting of any of the wounds on the
negro. Dotson testified that he inflicted the wounds him-
self, and that the Stouts had nothing to do with the trou-
ble, and that he inflicted all of the wounds in his necessary
self-defense; the negro having assaulted him.

Dr. Holcomb testified that one of Hart's fingers was
out of joint; that he was cut in the chest, on the hand,
and on the arm, and had from six to nine cuts on his
head; that the largest wound was in his chest, and looked
about the size of a common axe blade.

Dotson testified in his own behalf, admitting that he had been convicted of a felony and had served a term in the penitentiary for passing counterfeit money.

There are three assignments of error argued in the brief.

The first is based upon the contention that the verdict of the jury was clearly against the weight of the evidence. In support of this assignment, counsel cite the case of *Cain v. State,* 13 Okla. Cr. 252, 163 Pac. 958, and *Jackson v. State,* 13 Okla. Cr. 520, 158 Pac. 292. These cases do not support the contention of counsel. In the Cain Case irresponsible witnesses, whom the proof shows were bootleggers, testified that Cain had sold whisky unlawfully. Cain denied the charge, and made a clear defense, and proved by numerous witnesses that he was a law-abiding citizen of good character in the community. Practically the same state of facts was disclosed in the Jackson Case. The case at bar is altogether different. The plaintiff in error admitted inflicting the wounds on Hart, and said that he did so in self-defense, and also admitted that he was an ex-convict. The negro told a straightforward tale, and exhibited numerous scars which were the result of wounds inflicted, and nobody denied that they were so inflicted. The question, then, for the jury in this case resolved itself into the proposition of whether or not this negro went out and assaulted these farmers in such a manner that he had to be chopped to pieces in order to prevent him from inflicting serious injuries on them, when there is not a line of evidence to indicate that even a scratch was made upon the person of either of the three white farmers, or whether they assaulted him in the manner and form charged without justifiable or excusable cause. Under all these circumstances, this question of fact

was for the jury. There appears no reason why this court should disturb the verdict upon the ground urged. There being clear-cut and competent evidence tending to establish the guilt of the accused, the judgment of the trial court and the finding of the jury on the facts will not be disturbed on appeal. This doctrine has been uniformly followed by this court in so many cases that it is unnecessary to recount them here. No other rule has been followed, and no other doctrine announced, under a state of facts similar to those under consideration, by this court since it was organized.

The second proposition is based upon the contention of counsel that the information charges assault with intent to kill; that there is no charge of assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause, and therefore the offense for which the plaintiff in error was convicted is not included in the information. This assignment is wholly without merit. An information or indictment charging assault with intent to kill includes every form of assault down to and including simple assault. The contention is not supported by any authority.

The third assignment is based upon the contention that the county attorney was guilty of improper conduct during the trial. This assignment is also without merit.

Counsel cite *Taggart v. State,* 12 Okla. Cr. 509, 159 Pac. 940, and *Borah v. State,* 12 Okla. Cr. 540, 160 Pac. 27. These authorities do not support the contention made.

The county attorney in arguing to the jury referred to a case that he had previously tried in the district court of Sequoyah county, and which had been prosecuted by counsel for plaintiff in error in this case. The court de-

clined to permit the county attorney to use the name of the person convicted, but did permit him to use an illustration in some comment on the evidence upon which the conviction was secured. The record indicates that this argument was given in answer to argument advanced by counsel for the plaintiff in error in his presentation of the instant case to the jury. We find no error in the action of the court in this connection.

A careful review of the record in this case discloses no error prejudicial to the substantial rights of the plaintiff in error.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.