## E. T. COX v. STATE.

No. A.-4290.     Opinion Filed Nov. 24, 1923.
(220 Pac. 70.)

(Syllabus.)

1.     **Robbery—Evidence Sustaining Conviction.** Evidence examined and held sufficient to sustain the verdict and judgment.

2.     **Appeal and Error—Review—Objection to Information First Made on Appeal.** Where the defendant, in this court, for the first time objects to the sufficiency of the information, the objection should be overruled if, by àny intendment or presumption, the information can be sustained.

3.     **Evidence—Admissibility of Evidence Although Tending to Prove Other Offenses.** Evidence that the defendant, at the time he was arrested, was armed, resisted arrest, and attempted to escape, is competent, and the admissibility of such evidence is not affected by the fact that incidentally it tended to prove the defendant guilty of other offenses.

4.     **Trial—Instructions as to Lower Degree of Crime Unnecessary Where no Evidence.** The trial court is not required to instruct as to the lower degree of the crime charged, if there is no evidence tending to reduce the crime to such degree.

Appeal from District Court, Oklahoma County; Hal Johnson, Special Judge.

E. T. Cox was convicted of robbery, and he appeals. Affirmed.

Succinctly stated, the facts are about as follows: Burkhart, the complaining witness, was a single man about 48 years of age and engaged in the business of electrical contracting, with his place of business located on West Second street, between Broadway and Robinson streets, in the city of Oklahoma City. On the night of March 7, 1921, he had attended a show at the Majestic Theater, and there met a young lady by the name of Dorothy Bue, and made an engagement to later call on her and her sister at their residence on West Third street in Oklahoma City. After leaving the show Burkhart went to his place of business and there engaged for a time in working on his books, after which he closed his office and started west on Second street to fill his engagement with these young ladies. He had walked to near the corner of Second and Dewey when, according to his testimony, he was accosted by a man who told him to "stick 'em up," and who backed him into an alleyway at the side of a brick building standing there, and who there, at the point of a revolver placed in his back, relieved him of $10 in currency, and also at the time took from his person a Columbian half dollar which Burkhart was carrying as a pocket piece, but which coin the robber returned to Burkhart at Burkhart's request. Burkhart also claims that he saved a valuable watch that he was carrying by withdrawing the same from his pocket and holding the same between his body and the wall of the brick building, with his body pressed against the watch. There was an electric light burning at the corner of Second and Dewey, the robber was unmasked, and Burkhart claims that he was able to obtain a good view of the robber by means of the light reflecting on the robber's face at the time of the robbery.

After relieving Burkhart of this money, the robber compelled him to walk west in an alleyway between Second and

Third streets and ordered him not to look back. Upon being thus commanded, Burkhart walked west in the alley to the west side of Dewey street, and there turned around, and the robber was nowhere to be seen. Burkhart then retraced his steps, going east on Second to Hudson street, and looked in several places to see if he could find the robber, but, being unable to locate him, he then went east to Broadway, where he notified an officer of the holdup and was there directed to go to the police station and make a report of same, which he did, giving a detailed description of the man whom he alleged had robbed him. C. C. York, an officer then on duty, was detailed to go with Burkhart in search of the robber, and they made a trip in a car looking for the robber, but failed to find any one answering the description. Later on that night, however, York, in the absence of Burkhart, picked up a young man whom he thought answered the description that Burkhart had given and took this young man to the police station. Later Burkhart was called, and the young man was discharged.

Nothing happened in connection with the search for the robber until the next night, when York took his car, a sawed-off shotgun and his revolver, and started out again in search of the man. He drove up to the intersection of Second and Dewey street and turned north on Dewey, and as he did so the lights on his automobile shown brightly upon a man who was standing in the alleyway between Second and Third Street on the west side of Dewey. York passed in the car and dove north to Third street, where he turned around and drove back along the west side of Dewey street to the point where he had seen the man standing. Drawing the shotgun, York told the man he was an officer and to come to him, but before doing so York had seen two bright objects, one in each hand of the man. Instead of coming to

York the man backed up against a hedge fence and threw one of the objects over the fence and then started to run. York followed him up to Third street and west along Third street for a block or more and fired one shot to frighten him when the man darted in behind a house. York, however, was close upon him and accomplished his arrest, placing handcuffs on him. This man proved to be the defendant, E. T. Cox. He was possessed of a nickel-plated, long-barreled, 22 revolving pistol, which he had thrown over the hedge when the officer accosted him, and also a search light. He fully answered the description given by Burkhart to the officers the night before. After his arrest he was taken to the police station, and the prosecuting witness Burkhart was called and there identified him as the man who had robbed him the night before. Burkhart had given a description to the officers of the person who robbed him, including the statement that the man carried a long-barreled nickel-plated revolver and a search light at the time he was robbed, having used the search light to distinguish the Columbian half dollar at the time he returned it to him (Burkhart).

The defense interposed was an alibi—the defendant claiming that he was at the home of his mother and father at 412½ West Reno in Oklahoma City that night, that his mother was sick and that he waited upon her and gave her certain medicine at intervals of two hours apart, one dose at 8 o'clock and another at 10 o'clock, after which he retired. The robbery occurred at about 10:20 p. m. Defendant admitted, however, that he left the premises to mail a couple of letters between the hours of 9 and 10 and that he was gone only a few minutes, which were not sufficient to permit him to have committed this robbery. Defendant was corroborated by certain of his relatives and intimate friends who lived at the rooming house.

There are other facts and circumstances in evidence which are not necessary to detail, and which do not involve any legal propositions presented in this appeal.

O. T. Shinn, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). It is first contended that the evidence is insufficient to sustain the verdict and judgment. While there is a sharp conflict in the evidence, if the evidence introduced by the defendant and his witnesses was to receive credence by the jury to the exclusion of the state's evidence, an acquittal should have resulted. On the other hand, the evidence as to the identification of the defendant by the prosecuting witness was positive, and supplemented as it was by the subsequent attempt of the defendant on the occasion of his arrest to escape and his explanation for being at the place where he was arrested at the time of his arrest, and the further fact that the prosecuting witness gave the police, immediately after the robbery, a detailed description of the person who robbed him, which tallied with the defendant, and also that defendant carried, when arrested, a pistol and search light like those described by the prosecuting witness before any arrest was made, all point conclusively to his guilt, and convince this court that the jury made no mistake in the conclusion reached.

It is well established in this jurisdiction that a judgment of conviction will not be reversed because of the insufficiency of the evidence, where the evidence is conflicting, if there is evidence in the record, apparently credible and competent, from which the jury could reasonably and rationally conclude that the defendant was guilty of the crime charged. High

v. State, 9 Okla. Cr. 523, 132 Pac. 509; Curry v. State, 9 Okla. Cr. 38, 130 Pac. 513; Dotson v. State, 14 Okla. Cr. 50, 166 Pac. 902; Prather v. State, 14 Okla. Cr. 327, 170 Pac. 1176.

Next it is contended that the information is insufficient to charge the crime of robbery. The information was not demurred to in the lower court, neither was any motion in arrest of judgment interposed on the ground of the insufficiency of the information to state facts sufficient to charge the crime of robbery.

While the information is somewhat inartificially drawn and does not go into detail as to the manner of the use made by the accused of the revolver alleged to have been had and held by him, we deem it sufficient by inference and intendment to charge the crime of robbery.

It has been repeatedly held by this court that, where a defendant goes to trial and for the first time objects to the indictment or information when the state attempts to introduce testimony thereunder or upon appeal, or by habeas corpus, the objection should be overruled, if, by any intendment or presumption, the indictment or information can be sustained. McDaniel et al. v. State, 8 Okla. Cr. 209, 127 Pac. 358; Wilsford v. State, 8 Okla. Cr. 535, 129 Pac. 80; Edwards v. State, 5 Okla. Cr. 20, 113 Pac. 214; White v. State, 4 Okla. Cr. 143, 111 Pac. 1010; Ex parte Spencer, 7 Okla. Cr. 113, 122 Pac. 557.

It is also contended that the trial court erred in permitting the state to show by the witness York that at the time witness arrested the defendant on the night of the alleged robbery the defendant was armed, resisted arrest, and attempted to escape. In this connection it is contended that

the evidence thus admitted tended to prove the guilt of the defendant of other offenses not directly connected with the offense charged.

No objection was interposed to this evidence in the trial court, and for that reason no reviewable question is presented in this court. The evidence of the possession of the revolver, which answered the description given by the prosecuting witness, and of the search light, which also answered the description given by the prosecuting witness, and of the description of the clothing worn by the defendant at the time of his arrest, which also answered the description given by the prosecuting witness, were all admissible on the question of the identity of the defendant with that of the man who committed the robbery. The evidence of his attempted escape from arrest and resistance to arrest were provable as indicating a consciousness of guilt on his part, and the admissibility of this evidence was not affected by the fact that it tended to prove the defendant guilty of other offenses. Hill's Criminal Evidence, §§ 54, 115, and 118; Robinson v. State, 8 Okla. Cr. 674, 130 Pac. 121; Vickers v. United States, 1 Okla. Cr. 452-462, 98 Pac. 467.

It is also contended that the trial court erred in limiting the jury in its instructions to a consideration of first degree robbery only. The information charged robbery in the first degree. The undisputed evidence was to the effect that the robbery was accomplished by putting the person robbed in fear of immediate injury to his person. Robbery accomplished by putting the person robbed in fear of immediate injury to his person is robbery in the first degree.

The trial court is not required to instruct as to the lower degree of the crime charged, if there is no evidence tending to reduce the crime to such degree. Hunter v. State, 3

Okla. Cr. 533, 107 Pac. 444; Morris v. State, 4 Okla. Cr. 233, 111 Pac. 1096; Hopkins v. State, 4 Okla. Cr. 194, 108 Pac. 420; Updike v. State, 9 Okla. Cr. 124, 130 Pac. 1107; Robinson v. Territory, 16 Okla. 241, 85 Pac. 451; Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124.

The instructions as a whole fairly cover the law of the case as applied to the evidence, and are free from prejudicial errors.

After a careful examination of the entire record, the court is of the opinion that defendant had a fair and impartial trial, that there is ample evidence in the record to sustain the verdict and judgment, and that no error occurred during the progress of the trial sufficiently prejudicial to authorize a reversal of the judgment.

For reasons stated, the judgment is therefore affirmed.

DOYLE, J., concurs.

BESSEY, J., absent, not participating.