## H. L. WOODALL v. STATE.

No. A-5212. Opinion Filed Feb. 1, 1926.
(242 Pac. 1052.)

194

J. M. Dickerson and White & Reid, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried and convicted upon an information which charges that in Le Flore county, July 11, 1925, "H. L. Woodall, then and there willfully, unlawfully, intentionally, and feloniously made an assault in and upon one Al Porter with a certain sharp and dangerous weapon, to wit, a knife, which he, the said H. L. Woodall, then and there had and held, and did then and there with said knife unlawfully, willfully, intentionally and feloniously cut, stab, and wound the said Al Porter in and upon the head, face, and body with the unlawful and felonious intent then and there on the part of him the said H. L. Woodall to kill and murder the said Al Porter, contrary to," etc.

The jury returned the following verdict:

"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, H. L. Woodall, guilty of assault with a sharp and dangerous weapon as charged in the information herein, and fix his punishment at one year and one day in the state penitentiary."

Motions for new trial and in arrest of judgment were duly filed and overruled. On February 11, 1924, judgment was pronounced in pursuance of the verdict. An appeal by case-made was perfected.

Al Porter testified:

"I went in Mr. Woodall's store; Mr. Fox and Mr. Kennedy were there. I says, 'Mr. Woodall, I want to pay you this dollar for bringing the witnesses up to Heavener,' and I gave him a $10 bill. He says, 'I sent my money off this morning. I only got some change.' I says, 'I don't care about taking your change, I will give you the dollar some other time.' He says, 'Very well.' I took a paper, and read, I judge, about 30 minutes. I started to the door, and Mr. Woodall stopped me and says, 'Porter, you have been sticking your nose in my business quite a bit. I want you to quit it.' I says, 'I haven't.' He says, 'Yes you have.' I says, 'I haven't. Shut up, or I will slap you.' I had my hands on the counter, and I saw something glisten in his hand. I ducked my head. Instead of cutting my throat he cut me here (indicating). I was unarmed. Dr. Campbell took four stitches on my jaw and three on my lip."

Arch Kennedy and Ed Fox testified in substance to the same facts as did the prosecuting witness.

The testimony of the defendant in his own behalf is as follows:

"I have a small grocery store 13 miles east of Heavener. Mr. Porter came into the store. Arch Kennedy and Ed Fox were there. Mr. Porter owed me $1.35. I had asked him for it once before, and he would not pay me. He pulled a $10 bill out of his pocket, and threw it on the counter, and said, 'Take your damn money out of that.' I

pulled out my purse, and poured the change on the counter, and he picked up his $10 bill, and said, 'I don't want that damn stuff.' He set down and read a newspaper, and I went on waiting on my customers. Mr. Porter got up, and walked to the door, I says, 'I want to have a little talk with you. I don't want any trouble. I just want a friendly talk.' He says, 'Shoot.' I says, 'You put your nose in my business several times, and I want to ask you to strictly cut that out with me.' He just ran both hands in his pocket and stuck his head over the counter and says, 'Shut up. I will knock your damn head off.' I thought that he was coming, and I cut him, and he jerked his pistol out."

No demurrer was filed, and no general objection was taken that evidence should not be received because the information did not charge an offense. After verdict, a motion in arrest of judgment was filed on the ground that the information is not sufficient to charge the commission of any offense over which this court has jurisdiction.

Both at common law and by statute a verdict cures such imperfections of form in an information that do not tend to prejudice the substantial rights upon the merits.

In our opinion the information is sufficient to charge an offense as defined by section 1756, C. S. 1921, and the included offense of assault with a dangerous weapon as defined by section 1764, Id. See Clemons v. State, 8 Okla. Cr. 452, 128 P. 739; Nichols v. State, 10 Okla. Cr. 247, 135 P. 1071; Dotson v. State, 14 Okla. Cr. 50, 166 P. 902; Campbell v. State, 14 Okla. Cr. 319, 170 P. 915.

The means prescribed in section 1756, Id., and section 1764, Id., by which the offense may be committed, are in substance identical, and the material difference arises only in the punishment prescribed. In the first, the punishment must be by imprisonment in the penitentiary with 10 years, the maximum. In the second, the maximum is 5 years, and the punishment may be as for a misdemeanor. In the first, the essential element is an assault and battery by means of

a deadly weapon or by such other means or force as is likely to produce death.

In section 1764 the essential element is the intent to do bodily harm with any sharp or dangerous weapon. The assault with intent to kill necessarily includes an assault with intent to do bodily harm, for a person cannot be killed without bodily harm being done, and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon. Clemons v. State, supra.

It is urged by counsel for plaintiff in error that the offense charged is assault with intent to kill, as defined by sections 1757, and not as defined by section 1756, and that the offense of assault with a dangerous weapon with intent to do bodily harm is not included in the charge, and therefore the defendant was charged with the commission of one offense, and tried and convicted of another, and that the court erred in submitting the issue of assault with a dangerous weapon with intent to do bodily harm.

What we have already said is sufficient to dispose of this contention. It appears that the court did not submit the issue of assault and battery with intent to kill, but did instruct the jury upon the offense defined by section 1764, and also submitted the issue of assault and battery.

Upon a careful review of the record, our conclusion is that the verdict was as favorable to the defendant as the law and the testimony warranted, and, discovering no prejudicial error, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.