## C. W. JOHNSON v. STATE.

No. A-8254.   Dec. 4, 1931.
(5 Pac. [2d] 772.)

O. H. Whitt, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county of rape in the first degree, and was sen-

tenced to serve a term of 15 years in the state penitentiary.

The only contention made for a reversal is that the evidence is insufficient to sustain the judgment.

The offense charged is rape by force, under the fourth subdivision of section 1834, Comp. St. 1921. The record discloses that at the time charged prosecutrix was between 18 and 19 years old; defendant, a married man, was 23 years of age, lived about 50 feet from the home of prosecutrix. She testified that at the time charged and just previous to the act of intercourse she was at home alone. That she twice went to the home of defendant to borrow ingredients for some cooking she was doing, the trips being about 10 minutes apart, and on the latter occasion she informed defendant and his wife that her parents were not at home. That soon thereafter defendant came to her house, ostensibly to borrow a brace and bit. While she was looking for it defendant came in the house and they went in the kitchen and he there made advances and began an attempt to have intercourse with her, during which they scuffled into the summer porch, where he did accomplish an act of sexual intercourse. That defendant did not threaten her in any way. That she did not make any outcry or any noise, but did scratch defendant's face. That in accomplishing the intercourse he tore her dress, but she wore it until she went to church that evening. That she did not tell her mother until the next morning. Defendant testified the statement of prosecutrix that she was at home alone was by previous arrangement with her under which she had agreed that he was to visit her, and she was to inform him when her parents were not at home. That he went to her house at the time he states and did have intercourse with her, but that it was with

her voluntary consent. We deem it unnecessary to make further recital of the facts.

It is settled by many decisions of this court that a defendant may be convicted of rape upon the uncorroborated testimony of the woman. In a prosecution for rape by force overcoming resistance upon a woman above the age of consent, where the corroboration of the use of force is extremely slight and the testimony of the prosecutrix somewhat inconsistent and unsubstantial, this court will scrutinize the record with care. The age, surroundings, circumstances, situation, and conduct of the parties will be considered. Where no threats nor use of force are made to intimidate the female, where she is in easy call of others, if an outcry is made, and none is made, and no complaint is made for several hours, it appears improbable that any rape occurred, but rather that the intercourse was voluntary. MacLaurin v. State, 34 Okla. Cr. 324, 246 Pac. 669; State v. Hogg, 64 Or. 57, 129 Pac. 115; State v. Goodale, 210 Mo. 275, 109 S. W. 9.

The conduct of defendant is despicable. No doubt the jury, justly indignant, felt he deserved punishment, and we sympathize with their desire to assess a penalty against him. In the light of the record, however, we are convinced the evidence of rape by force is insufficient to sustain the judgment, and the case must be, and is, reversed.

DAVENPORT, P. J., concurs. CHAPPELL, J., dissents.

CHAPPELL, J. (dissenting). I cannot agree with the majority opinion in this case, for several reasons.

The opinion contains what purports to be a statement of the facts, and if these facts were the only com-

petent evidence in the record, the reversal might be justified; but the additional facts in the record make out an entirely different case.

It appears from the record that the prosecutrix, who was between 18 and 19 years of age, was deficient mentally. She testified that she was alone in her father's home; that she went to the defendant's home to borrow some sugar to make a cake; that when asked about her folks, she said she was alone at the home; that at about 1 o'clock defendant came to the house to borrow a brace and bit; that when she went to look for them defendant came in the house, pushed her out of the kitchen into a little hall, and made indecent proposals to her, which she rejected; that defendant seized her and threw her down on the floor and that the fall dazed her; that she resisted defendant, scratching his face and doing all she could to prevent him from accomplishing his purpose; that her clothes were badly torn; that defendant overcame her resistance and raped her; that her sister-in-law came in about 6 o'clock in the evening; that she started to tell her about the attack; but that her little brothers came in and she did not want to finish the story before them, and so did not tell her anything more until the next morning; that her mother came in about 9:30 or 10 o'clock, but she did not tell her until the next morning because her mother had high blood pressure and a weak heart, and she was afraid of the effect it might have on her; that on the next morning she told her mother and sister-in-law; that on the next day her father and mother took her to the county attorney's office and there she told, in the presence of the defendant, the same story that she was telling on the witness stand. She is corroborated by her sister-in-law and her mother as to when and where she told of the assault and the reason why she did not tell it before; she

is corroborated by the torn dress exhibited at the trial and by the scratches on the defendant's face made at that time; she is also corroborated by the defendant, in that he admitted having the scratches on his face, but claimed he received them in attempting to separate two men who were fighting, but produced no witnesses to testify to any such occurrence.

Shortly after defendant was arrested, he was taken to the county attorney's office and confronted by the prosecutrix, at which time he made a sworn statement denying that he was at the home of the prosecutrix or had made any assault upon her; but in the trial he admitted on cross-examination that the prosecutrix had told the county attorney, in his presence, the same story she had told in the trial of the case.

Testifying for himself, defendant admitted that he lied in his sworn statement to the county attorney; that he was at the prosecutrix's home; that he did have intercourse with her, but claimed that it was on her invitation and with her consent.

On cross-examination defendant's counsel, by adroit questioning, did succeed in causing the prosecutrix to weaken her story, but it is apparent from the record that her mental condition, her misunderstanding of certain questions and her natural diffidence in telling about those things in public would account for that, and there was nothing in any of this evidence to indicate that she was testifying falsely, or that rendered her story improbable.

The case resolves itself into this: If the prosecutrix told the truth, the defendant is guilty. If the prosecutrix was lying, the defendant is innocent. The prosecutrix told not only the same story that she told the county

402

attorney, in the presence of defendant, and in the preliminary trial, but is corroborated by the physical facts in the case; while, on the other hand, the defendant brazenly admitted that he lied under oath to the county attorney. The jury was justified in believing that if he lied in his sworn statement to the county attorney, he was likewise lying in the trial of the case. They saw both the prosecutrix and the defendant on the witness stand and heard them testify; that saw the torn dress and heard about the scratches on defendant's face, and had before them all the facts and circumstances in the case. They found the defendant guilty upon all the evidence, and that evidence amply justified the verdict.

In the majority opinion the rule is stated:

"In a prosecution for rape by force overcoming resistance upon a woman above the age of consent, where the corroboration of the use of force is extremely slight and the testimony of the prosecutrix somewhat inconsistent and unsubstantial, this court will scrutinize the record with care. The age, surroundings, circumstances, situation and conduct of the parties will be considered. Where no threats nor use of force are made to intimidate the female, where she is in easy call of others, if an outcry is made, and none is made, and no complaint is made for several hours, it appears improbable that any rape occurred but rather that the intercourse was voluntary." Citing MacLaurin v. State, 34 Okla. Cr. 324, 246 Pac. 669; State v. Hogg, 64 Or. 57, 129 Pac. 115; State v. Goodale, 210 Mo. 275, 109 S. W. 9.

This rule is good law in a proper case, but is in conflict with the facts in this record.

There is another rule of law that should be applied to this case, and that is:

"Under the law in Oklahoma controverted questions

of fact, involving the guilt or innocence of a person on trial in a court of competent jurisdiction, before a jury, are to be settled exclusively by such jury."

In Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737, this court said:

"When an accused is on trial and there is a square conflict in the testimony between witnesses for the state and witnesses for such accused on the material issues, this court, in the absence of errors of law, will not on appeal reverse a conviction."

The jury are the exclusive judges of the weight of the evidence; if there is a clear conflict in the evidence, or it is such that different inferences can properly be drawn from it, its determination will not be interfered with, unless it is clearly against the weight of the evidence, or appears to have been influenced by passion or prejudice. Curry v. State, 9 Okla. Cr. 38, 130 Pac. 513; Tempy v. State, 9 Okla. Cr. 446, 132 Pac. 383; Piazzi v. State, 13 Okla. Cr. 60, 161 Pac. 1176; Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Leslie v. State, 22 Okla. Cr. 111, 210 Pac. 297; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

In Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352, this court said:

"Where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency."

In Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507, 508, this court said:

"Conviction can be reversed as not supported by evidence only if no substantial evidence tends to show guilt, or evidence is so insufficient that jury must have acted from partiality, passion, or prejudice."

In Parks v. State, 18 Okla. Cr. 277, 194 Pac. 281, this court said:

"It is only when there is no substantial evidence to support the verdict that the appellate court will reverse on the ground of insufficient evidence."

In Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425, this court said:

"Verdict of conviction will not be reviewed on appeal on arguments directed to the credibility of witnesses or the weight to be given their testimony."

In Birdwell v. State, 22 Okla. Cr. 184, 210 Pac. 558, this court held that the appellate court will not weigh the evidence where there is substantial evidence to sustain the verdict. See, also, Johnson v. State, supra.

"A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and who must necessarily know a great deal more about many facts and circumstances produced at the trial, which cannot be written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only on the proposition that as a matter of law the verdict is contrary to the evidence." Harrison v. State, 10 Okla. Cr. 210, 135 Pac. 948.

"It is not enough that the court may be of the opinion that the weight of the evidence is against the verdict, but the court must go further and find that there is no evidence in the record from which the jury could rationally conclude that the appellant was guilty before we would

be authorized to grant a new trial upon the ground of the insufficiency of the testimony, unless it should appear from the record that the jury were influenced by improper motives in arriving at their verdict." Bigfeather v. State, 7 Okla. Cr. 364, 123 Pac. 1026; Baker v. State, 9 Okla. Cr. 47, 130 Pac. 524; Morgan v. State, 9 Okla. Cr. 22, 130 Pac. 522; Stanfield v. State, 7 Okla. Cr. 397, 123 Pac. 1033.

One of my objections to the majority opinion is that the court invades the province of the jury, weighs the evidence and passes upon the credibility of the witnesses, and thus determines the issue. By no other process could the court arrive at the majority opinion.

It cannot truthfully be said that there is no competent evidence in this record to support the verdict of the jury. It is not contended that there is any misconduct or prejudice on the part of the jury. So then the opinion turns squarely on the question of the sufficiency of the evidence.

The majority opinion is not only contrary to the evidence and contrary to the law, but it outrages public justice.

I agree with the majority opinion when it says "The conduct of defendant is despicable. No doubt, the jury, justly indignant, felt he deserved punishment," but I cannot agree with the court when it says "We sympathize with their desire to assess a penalty against him," because the opinion sets aside the penalty and lets a guilty criminal go free.

If the evidence in this case is not sufficient to support the verdict of the jury, then there has never been a rape case since I have been a member of this court that could be affirmed on that question. If this case is to be

reversed upon this ground, then a grave injustice has been done to every defendant charged with rape, whose case has been before this court in the past three years.

Criminals of this character cannot be restrained by giving them a slap on the wrist. The crime charged against defendant is particularly atrocious because he committed this act against a girl of doubtful intellect, unable to protect herself.

Because the majority opinion is contrary to the facts, contrary to the true rule of law in such cases, and outrages public justice, I dissent.