## SMITH BUSBY v. STATE.

, No. A-1872.  Opinion Filed November 29, 1913.

(136 Pac. 598.)

WITNESSES — Cross-Examination of Accused — Prior Conviction.  The state, in a criminal case, has the right to ask the defendant, as a witness in his own behalf, upon cross-examination, whether or not he has been convicted of a crime, for the purpose of affecting his credibility.

*Appeal from County Court, Jefferson County;*
*B. T. Price, Judge.*

Smith Busby was convicted of pointing a pistol, and brings error.  Affirmed.

*W. E. Sayle* and *E. Huser,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

PER CURIAM.  This appeal is prosecuted from a judgment of conviction entered on the 14th day of October, 1912. The charge was that the defendant, on or about the 27th day of June, 1912, did willfully and unlawfully point a pistol at another, to wit, M. F. Laird.  The jury left the punishment to the court.  The sentence of the court was that the defendant serve three months in the county jail, and pay a fine of $50.

The information is sufficient, and no contention is made that the verdict is not sustained by the evidence; the sole ground of complaint being that the court erred in admitting certain evidence.

The defendant was a witness in his own behalf, and was asked upon his cross-examination if he had ever been convicted of a felony. He answered that he had been so convicted seventeen years ago. Counsel now contend that the conviction was too remote to be considered, and that the court should not have permitted this evidence to go to the jury. Our statute provides (section 5046, Rev. Laws 1910) that a witness may be discredited by showing on cross-examination his conviction of a criminal offense, and section 5882, Rev. Laws 1910, provides that "the rules of evidence in civil cases are applicable also in criminal cases." The defendant had elected to testify as a witness in his own behalf, and, having done so, the county attorney had a right to ask him on cross-examination any question pertaining to the matter at issue, or that would go to his credibility as a witness. *Key v. State, ante,* 135 Pac. 950, and cases cited.

Upon a careful consideration of the record, there seems to be no reason to doubt that the verdict of the jury in this case was entirely in harmony with the interests of justice.

The judgment of conviction is therefore affirmed.