### SAM HENDRICKS et al. v. STATE.

No. A-3928.   Opinion Filed Feb. 3, 1923.
(212 Pac. 330.)

(Syllabus.)

1.  Gaming—Evidence Supporting Conviction. Evidence examined, and held sufficient to support verdicts and judgments.

2.  Gaming—Witnesses—Conviction for Crime to Affect Credibility of Witness—Gambling as a Crime. Under the statute of this state conviction for crime may be shown for the purpose of affecting the credibility of a witness. Gambling is a crime within the statutory definition of crimes.

3. **Appeal and Error—Questions Calling for Incompetent Testimony not Prejudicial Where Objections Sustained.** The fact that the county attorney asked some questions which may have called for incompetent testimony is not prejudicial error, where the trial judge promptly sustained objections and no incompetent evidence was permitted to go to the jury, and there was no such repeated asking of these questions and exceptions to the ruling of the trial judge by the county attorney that amounted to prejudicial misconduct.

Appeal from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Sam Hendricks, Roy Tiller, and Land Flinn were convicted of gambling, and they appeal. Affirmed.

Crump & White, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. Plaintiffs in error (hereinafter referred to as defendants) were jointly tried and convicted on January 8, 1921, of the crime of gambling, and the defendants Hendricks and Tiller were each fined the sum of $50, to which was added imprisonment in the county jail for a period of 10 days. The defendant Flinn's punishment was fixed at a fine of $50. From judgments rendered in conformity with the respective verdicts they prosecute a joint appeal to this court, and assign and rely upon the following alleged errors: (1) That the verdict is contrary to the law and evidence and not sustained by sufficient evidence. (2) Misconduct on the part of the county attorney in asking witnesses for the state if they knew the general reputation of the place where the state alleged the offense was committed. (3) That the court erred in permitting the county attorney, over defendant's objection, to ask each of the defendants whether or not he had been convicted of the crime of gambling.

Ray Kirk, testifying on behalf of the state, testified in substance that he was on the 2d day of November, 1920, a deputy sheriff of Muskogee county, Okla.; that on that date he saw the defendants on Second street at the Long Horn Bar; that he saw these defendants and others standing around a pool table; that he was within about four feet of them, and that they were shooting craps; that he saw the dice come out on the table out of somebody's hand; that he saw money on the table; that he reached over one of the shoulders, and they all scrambled to see who would get the money; that some other parties in the crowd got away through some windows; that he got 35 cents off of the pool table, and some paper money off of two of the defendants; that he got some dice there, some off of the defendant, Roy Tiller, some off the floor, and some off the table; that in playing the game of craps one man shoots at a time. He bets what he feels able to bet, and he throws the dice if somebody about the table bets he could not pass. If the marks or numbers on the dice show 7 or 11 on the first throw, he wins the money. If it should be 2 or 3 or 12, he loses the money. In either event, he has an opportunity to bet again, and if he should not throw 2, 3, 12, 7, or 11, he continues to shoot until he makes his point or throws 7. If he makes his point, he wins the money, and if he does not, he is off, and the dice pass on to the next one. It is possible in a game of craps for money to be bet and won and lost; that, while only one man throws the dice at a time, bets may be made between others, and more than two can bet at the same time, where the game is what is called an open game, but the game can be run by a game keeper, and a rake-off taken.

Hobart Addington testified for the state that he accompanied Ray Kirk to the Long Horn Bar on the date in question, but did not go upstairs with Kirk; that there was some kind of a buzzer downstairs just as one entered the building, and

that there was a man sitting close to the buzzer who tried to get his feet on the pin that pushed the buzzer, but the witness went in behind where the man was sitting and got close to the buzzer and Kirk then went right on upstairs. Each of the defendants denied that they were engaged in any crap game. They testified that there were several people in the room; that the officers came in, and that no one was shooting craps that they saw. They denied seeing any money on the pool table. Defendant Hendricks, on being asked if he had ever been convicted for gambling in that city, admitted that he had pleaded guilty to such charge. Defendants Tiller and Flinn each denied that they had ever been convicted of such charge, and there was no proof that they ever had been previously convicted of that charge. Defendant Tiller admitted that the officers got $50 in greenbacks off his person, but denied that any of it was at any time on the pool table or was being used by him to make bets with. Defendant Flinn stated that the officers took $10 out of his pocketbook, but denied that he had ever used any of it in shooting craps.

We think the evidence amply sufficient to sustain these convictions. Kirk, the deputy sheriff, testified that he got within four feet of these parties, and saw them shooting craps for money, and the circumstances of their evident confusion and attempt to escape upon the discovery of his presence among them tends strongly to corroborate Kirk in his statement that these defendants, with others, were around the pool table on that occasion shooting craps for money.

There is no merit in the second assignment of error. Section 585, Comp. St. 1921, among other things, provides that conviction of crime may be shown for the purpose of affecting the credibility of a witness. While the foregoing statutory provision is contained in the Civil Code, it is applicable

also to criminal cases under the provisions of section 2699, Comp. St. 1921, of the Criminal Code. Section 1501, Comp. St. 1921, of the Criminal Code, defines a crime to be an act or omission forbidden by law to which upon conviction is annexed either of the following punishments: First, death; second, imprisonment; third, fine; fourth, removal from office; fifth, disqualification to hold and engage in any office of trust or profit. Gambing is a crime within the definition above given. That it is proper on cross-examination to ask a witness if he has ever been convicted of crime is sustained by the following authorities: Key v. State, 10 Okla. Cr. 206, 135 Pac. 950; Busby v. State, 10 Okla. Cr. 343, 136 Pac. 598; Corliss v. State, 12 Okla. Cr. 526, 159 Pac. 1015; Smith v. State, 14 Okla. Cr. 348, 171 Pac. 341; Davis v. State, 15 Okla. Cr. 386, 177 Pac. 621.

The third assignment of error relative to misconduct on the part of the county attorney in asking witnesses for the state if they knew the general reputation of the place where the alleged offense was committed is not sufficient ground for reversing these judgments. The record discloses that upon objection by defendant's counsel the court promptly sustained the objection, and no evidence was permitted to go before the jury on the question of the general reputation of the place. Further, there was no such repeated asking of these questions and exceptions to the ruling of the court by the county attorney, such as was held to be prejudicial misconduct in the case of Pickrell v. State, 5 Okla. Cr. 391.

In Harkins v. State, 14 Okla. Cr. 440, 172 Pac. 469, where the conviction was for a felony with a term of 50 years' imprisonment, this court held:

"The fact that the county attorney, on cross-examination of the defendant, asked a few questions which called for incompetent answers, does not of itself establish prejudicial error."

Finding no reversible error in the record, the judgment as to each defendant is affirmed.

DOYLE and BESSEY, JJ., concur.