# HARVE REAGAN v. STATE.

No. A-5631. Opinion Filed Aug. 21, 1926.
Rehearing Denied Nov. 20, 1926.
(250 Pac. 435.)

Bowling & Farmer, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Garvin county on a charge of grand larceny, and was sentenced to serve a term of one year in the state penitentiary. Briefly stated, the facts as gathered from the record are about as follows: Eldon Butler, complaining witness, was a passenger on a Santa Fe night train, south from Oklahoma City. The defendant, in a somewhat inebriated condition, was a passenger on the same train. Butler had a suit case which contained two pistols, a shotgun

which had been taken down, and various items of clothing, all of a value of $50 or more. He put his suit case in the rear of the smoking car and took his seat in the next car. The news agent testified that between Oklahoma City and Paoli, where defendant left the train, he twice saw the defendant in possession of the suit case in question, attempting to open it. After defendant left the train, Butler discovered his suit case was missing. On the second day following it was found under the bed at the home of defendant. Defendant testified that on the trip from Oklahoma City to Paoli he was partially intoxicated. He explained his possession of the suit case by saying that a stranger came to him and pawned it for the sum of $7; that no memorandum was taken; that he did not know its contents.

It is first argued that the instructions of the court are insufficient in failing to instruct the jury that intoxication may render an accused unable to form a felonious intent, and in such case not guilty. In disposing of this contention, it is sufficient to say that no request for such instruction was made. If defendant relied on this claim, he should have requested an instruction. Branham v. State, 16 Okla. Cr. 308, 182 P. 525; Merriott v. State, 18 Okla. Cr. 247, 194 P. 263. Defendant testified that he was "feeling pretty good"; and he detailed what he asserts took place, evidently having a clear recollection of the entire circumstances of the claimed pawning of the suit case. He did not contend that he was so intoxicated that he did not comprehend what he was doing or was unable to form an intent. A single answer of his testimony is as follows:

"A. I never saw him before in my life. I gave him a light. I reached out my cigarette like that and gave him a light off of my cigarette, and he says, 'How far are you going, or where are you getting off at?' I told him I was getting off at the next stop, which was Paoli. We

had just left out of Wayne, and I says, 'Where are you going?' 'Well,' he says, 'I have got a ticket for Pauls Valley, but,' he says, 'I have been playing pitch up there on the train.' He says, 'I have went broke;' and he says, 'I intended to go to Pauls Valley to see a friend down there and then go on to Ardmore, but' he says, 'I don't want to get off down there broke.' He says, 'I want to put up my grip, and if you have got any money I would like to put up my grip to you for a little money.' Now, I asked him what he wanted on it, and he says he wanted $10. I told him I did not have $10. I had the $10 all right, but I didn't want to give it to him for that, and he says, 'I will tell you what I will do.' He says, 'If you will give me $7,' he says, 'I will come back tomorrow and not later than the next day and give you $10 back.' He says, 'I will go on to Ardmore instead of getting off at Pauls Valley.' ''

The offense is alleged to have occurred February 3, 1924, and the trial took place December 2, 1924, and it occurs to us that the defendant had a remarkably clear recollection of what he claims occurred. The trouble is that the jury did not believe him, but evidently considered this mysterious stranger, who came on the scene at this opportune time, as a figment of the imagination, and classed him along with William Tell and Santa Claus.

It is next contended that the court erred in permitting the state to cross-examine defendant as to other transactions not connected with the case. This assignment is directed to question on cross-examination which disclosed that defendant had formerly been convicted in the district court of Garvin county on a charge of burglary and had served a term in the penitentiary, and had at another time pleaded guilty in the county court of Garvin county to the sale, transporting, or having possession of whisky. It may be shown on cross-examination that a defendant has been convicted of a crime for the purpose of affecting his credibility. Sec-

tion 585, Comp. St. 1921; Key v. State, 10 Okla. Cr. 206, 135 P. 950; Busby v. State, 10 Okla. Cr. 343, 136 P. 598; Winfield v. State, 18 Okla. Cr. 257, 191 P. 609.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.