OTTIS BYRUM et al. v. STATE.

No. A-8399. Oct. 27, 1932.
Rehearing Denied Nov. 18, 1932.
(15 Pac. [2d] 1096.)

C. T. Lane, Jim Hatcher, Ben F. Williams, Homer Cowan, and T. R. Benedum, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called

defendants, were convicted in the district court of Grady county of the crime of assault with a dangerous weapon, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.

The evidence of the state was that the defendants resided at Maud, Okla.; that on the evening of the shooting a long-distance call was placed from Maud to Tuttle asking for Homer Cherry; that, as soon as the parties were told that he was in Tuttle, they hung up the receiver; that a telephone call was put in by defendant, Byrum, from the home of one Sparkman, in Maud; that Byrum admitted that he put in this call, but claimed it was for another party; that defendants the same night, with masks over their faces, went to the home of Cherry; that, when Cherry opened the door in answer to a call of one of the defendants, they covered him with guns, ordered him to "stick 'em up," and pushed their way into the room, and commanded him to turn his back and walk toward the light; that, as he did so, they called Mrs. Cherry and ordered her to come out; that she went into another room, obtained a pistol, came back to the door into this room, and said, "Stick 'em up yourselves"; that one of the defendants fired a shot which struck Mrs. Cherry in the right breast, the bullet lodging near the back; that immediately the lights went out and several other shots were fired.

Mrs. Cherry testified positively that she knew the defendants, and that they were the ones who came into the house and shot her. Cherry said he thought the defendants were the parties; that, as the parties fled from the house, they made some tracks. After they were arrested, the sheriff took one of Byrum's shoes and testified that it exactly fitted the tracks made by one of the parties as they fled from the house.

The defense was an alibi. Defendants contend that this evidence is insufficient to support the verdict of the jury.

The evidence of the state and that of the defendants is in direct conflict. This conflict was for the jury, and their verdict will not be disturbed where there is any competent evidence supporting the same. There is sufficient evidence in the record to support the verdict of the jury.

It is also contended that the trial court erred in admitting certain irrelevant, incompetent, and immaterial evidence. These particular assignments of error relate to questions asked and answers given by the defendant, Byrum, on his cross-examination. The first questions complained of are those in which counsel for the state asked Byrum how many times he had pleaded guilty to vagrancy in the courts of his county. It appears from the record that defendant attempted to evade making a direct answer to this question, but counsel pressed him by repetition thereof.

It is contended that the state could only ask Byrum, to affect his credibility, whether or not he had been convicted of a felony or of some crime involving moral turpitude. In Strickland v. State, 46 Okla. Cr. 190, 284 Pac. 651, 653, this court said:

"The question presented is the right of the state to show that the defendant had been convicted of a crime under the terms of a city ordinance, where the same was an offense under the state law. This court has repeatedly held that where the defendant has been convicted of a crime that fact may be shown. Davis v. State, 15 Okla. Cr. 386, 177 Pac. 621; Whitlow v. State, 24 Okla. Cr. 307, 218 Pac. 162; Smith v. State, 34 Okla. Cr. 396, 246 Pac. 1104.

"Under the sections of the statutes above quoted, it is only necessary to show that the defendant has been convicted of a crime. It would not be proper to introduce proof of petty offenses defined by city ordinance, such as running stop lines, overparking, and the like, which are not made crimes by state law, to discredit the witness. It is the taint of conviction for crime which discredits the witness, and not the tribunal in which the conviction was had. Keeping a disorderly house is a crime under the state law, and a conviction for such crime may be shown irrespective of what tribunal the same was had in, for the purpose of discrediting the witness."

Vagrancy being a crime under our state law, it was proper for the state to inquire of the defendant, for the purpose of affecting his credibility as a witness, whether he had been convicted or pleaded guilty in any of the courts of his county to such crime.

Complaint is also made because counsel for the state asked defendant, Byrum, "Did you plead guilty and pay a fine for whipping your wife?" to which Byrum answered, "No, sir; I did not."

No objection was made to this question. Counsel evidently preferred to have the benefit of defendant's answer rather than object to the question. The answer was favorable to the defendant and of course he was not prejudiced thereby, and if he was not prejudiced by the answer, he could not be prejudiced by the question itself.

Counsel for the state also asked defendant how many times he had pleaded guilty to a drunk charge in the city court, at Maud, to which he answered he had never pleaded guilty and had never paid a fine, to which counsel for defendant said, "We object now." The record discloses no ruling of the court and no further questions on this subject.

Counsel for the state also asked defendant if he did not come in one morning about daylight, in a car, and if young Hembree had not found a mask in this car and "asked you where you had been and what you had been doing, and you told him you had been out hijacking all night," to which defendant answered, "I certainly did not." No objection was made to this question; counsel for defendant evidently preferring to get the answer rather than object to the question.

Counsel for the state also asked defendant if he had not taken a doctor's car from Ada to Kilgore, Tex., and if he had not been brought back to Ada by the sheriff of Pontotoc county, to which the defendant answered he had not. No objection was made to these questions by counsel for defendant, but the court ruled this evidence out, and told counsel for the state he might ask if the defendant had been convicted.

It appears from the record that, when defendants' counsel objected to any questions along these lines, the court promptly sustained it, and counsel for the state did not pursue it any further.

Much of this examination was improper, but, before this court can consider it, counsel must object and get a ruling of the court thereon. If counsel make no objections in the lower court, they cannot object in this court. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Hunter v. State, 10 Okla. Cr. 119, 134 Pac. 1134, L. R. A. 1915A, 564, Ann. Cas. 1916A, 612; Meiggs v. State, 16 Okla. Cr. 557, 185 Pac. 450.

It is next contended that the court erred in admitting certain incompetent evidence in connection with the examination of the manager of the Southwestern Bell Telephone Company at Chickasha.

In this connection the record discloses that Hildebrand was used as a witness for the state to identify certain exhibits in the office of the Southwestern Bell Telephone Company at Tuttle as a part of their permanent record made in the course of the business of that office. This evidence was admissible under the holding of this court in Boone v. State, 15 Okla. Cr. 29, 175 Pac. 61.

It is also contended by defendants that the court erred in excluding from the consideration of the jury the petition of the defendant, Byrum, in his damage suit he had pending in the district court of Grady county against Cherry.

The purpose of this offer was to get before the jury the grounds upon which defendant, Byrum, based his damage suit. The introduction of this petition did not tend to prove the truthfulness of the allegations thereof, and was purely hearsay. The petition itself could not have been introduced in evidence even in the damage suit to prove the truthfulness of its allegations, and certainly could not be introduced as a part of the defense in a criminal case involving the same parties. Spear v. State, 7 Okla. Cr. 379, 123 Pac. 852.

No fundamental error appearing, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.