## OTIS GREEN v. STATE.

No. A-8506.   June 30, 1933.
(23 Pac. [2d] 506.)

Amos T. Hall, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of first degree manslaughter in the killing of Tecumsa Gary, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of four years.

The evidence of the state was that defendant and deceased were negroes; that the killing occurred in front of a negro hotel in the negro section of Tulsa; that both parties had been drinking; that defendant became involved in an argument with deceased over another negro; that, after striking deceased with his gun, he walked away about fifty feet and remained there for a few minutes, and that he then came back to where deceased was standing and shot him three times with a .38 caliber revolver; that he kept the crowd back and refused to permit the deceased to be helped by any bystander until the officers came; that he then surrendered his gun and admitted the shooting.

Defendant, testifying for himself and supported by other witnesses, sought to justify the killing on a plea of self-defense.   As is usual in such cases, the evidence is sharply conflicting; that of the state being sufficient to

support a conviction of murder. The defendant's own testimony discloses that he engaged in a mutual combat with deceased, thereby rendering his plea of self-defense devoid of merit. Under his own evidence he was at least guilty of manslaughter in the first degree. The jury apparently accepted his explanation in fixing the degree of the homicide.

Defendant's counsel contends that the court erred in admitting certain incompetent evidence.

An examination of the record discloses that the court sustained objections to the first evidence complained of and admonished the jury not to consider the same. In view of the fact that the ruling was favorable to defendant, there is no error presented to this court with respect to that part of the evidence.

All other claims of admission of incompetent evidence have reference to the cross-examination of defendant where the state's counsel asked him if he had not been convicted in police court of assault with a knife on a girl commonly called "Red." Over the objection of defendant's counsel, he answered "Yes."

This court has repeatedly held that the state may show conviction of any crime for the purpose of affecting credibility. Key v. State, 10 Okla. Cr. 206, 135 Pac. 950; Davis v. State, 15 Okla. Cr. 386, 177 Pac. 621; Graham v. State, 28 Okla. Cr. 266, 230 Pac. 763; Smith v. State, 34 Okla. Cr. 396, 246 Pac. 1104; Reagan v. State, 35 Okla. Cr. 332, 250 Pac. 435; Strickland v. State, 46 Okla. Cr. 190, 284 Pac. 651.

In Gore v. State, 25 Okla. Cr. 214, 219 Pac. 153, this court said:

"In this state the accused may be interrogated concerning other convictions for crime. Whether an offense involves moral turpitude is not the test in this state."

This evidence was competent for another reason. On direct examination defendant had said that he had been convicted of the crime of forgery and had served a term in the penitentiary, but had never been convicted of any other offense. Having opened the subject, the state had a right to cross-examine him as to other convictions besides the one admitted by him.

It is also contended that there was prejudicial misconduct on the part of special counsel assisting the state in the prosecution in his oral argument to the jury.

There is no recital in the case-made to the effect that the argument complained of was ever made in the trial court. The only record of any such argument is contained in an affidavit of the attorney for defendant attached to and made a part of his motion for a new trial. This court has held such a record not sufficient to raise the question of improper argument in this court. Irvine v. State, 10 Okla. Cr. 4, 133 Pac. 259; Gaines v. State, 18 Okla. Cr. 526, 196 Pac. 719; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

A careful examination of the record discloses that the defendant had a fair trial.

The evidence supporting the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.