## CLAUD LAND v. STATE.

No. A-8656.   March 30, 1934.
(31 Pac. [2d] 158.)

Long & Martin, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of disturbing the peace, and was sentenced to pay a fine of $50 and costs.

The testimony on behalf of the state shows the defendant was the landlord of W. McElroy, and on or about the 1st of July, 1933, the defendant went to the home of McElroy and there abused, cursed, and called him names, and disturbed the peace of McElroy and his family.   The defendant denies he cursed, abused, or used any language in the presence of the defendant and his wife calculated to arouse to anger or disturb the McElroys.   The evidence is conflicting.   The jury, after hearing the evidence and instructions of the court, returned a verdict finding the defendant guilty as charged in the information.

This court has repeatedly held that, where there is any competent evidence, though conflicting, to sustain the verdict of the jury, it would not disturb it.

The only question to be considered in this case is, Was the defendant accorded a fair and impartial trial, and was there any error committed by the trial court sufficient to justify a reversal? It is urged by the defendant that the court erred in his fifth instruction when he told the jury to disregard and ignore the question of the relation of landlord and tenant existing between McElroy and the defendant. The record has been carefully examined, and, after due consideration, the court holds that the question of landlord and tenant was properly excluded. The only question involved is the question whether or not the defendant went to the home of the prosecuting witness and there used language calculated to arouse the anger or to cause a breach of the peace, and by so doing disturbed the peace of the prosecuting witness and his family. The court did not err in excluding the question of landlord and tenant from the jury.

It is next urged by the defendant that the court erred in admitting the information, wherein the defendant, prior to the trial of this case, had entered his plea of guilty and had been sentenced by the court. This evidence was introduced for the purpose of affecting the credibility of the witness, and the court did not err in permitting it to be introduced. It was only cumulative of the testimony of the defendant wherein he admitted a conviction and sentence. The defendant was accorded a fair and impartial trial, and this court will not disturb the verdict of the jury.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.