## JIMMIE BYARS v. STATE.

No. A-8783. Dec. 21, 1934.
Rehearing Denied Jan. 11, 1935.
(39 Pac. [2d] 157.)

**350**

Freeling & Box, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county of the crime of murder, and his punishment fixed by the jury at imprisonment at hard labor for life in the state penitentiary.

The information charged defendant with having murdered one Emma Bunch on the night of June 25, 1933, by strangling and choking her and by striking her on the head and body with his fists or some blunt instrument.

Deceased, a woman of about 60 years of age, was the aunt of defendant and at the time she was killed was living alone in a two-room house in the west part of the town of Byars.

Defendant at the time of the trial was an unmarried man, 32 years of age, and living with his mother in the town of Byars, several blocks from where deceased lived.

The evidence of the state was that defendant, Bob Powell, and Jim Richardson had been on the day of the homicide traveling over that part of the country in a car

belonging to Richardson; that they stopped at various places and bought and consumed whisky, but that defendant got back to Byars about 12 o'clock; that at about 12:30 screams were heard coming from the home of deceased; that the officers came and flashed their lights on the house; that a man about the size and appearance of defendant and wearing light clothes was seen to flee from the house, one of the witnesses testifying that defendant was that man; that the fleeing man ran into a barbed wire fence; that he went out across a field, through a cornfield, and disappeared; that when the officers went up to the house they found a cap which was later identified as belonging to defendant; that when defendant was arrested, the officers found the clothes worn by him the day before, and that the trousers had holes snagged in them, apparently made by barbed wire; that defendant was wearing a pair of slippers with peculiar rubber heels; that these slippers fitted the tracks made by the man seen to be fleeing from the house; that at the corner of the house there was found a half gallon jar partly filled with whisky. Fingerprint experts testified that they found defendant's fingerprints on this jar.

The defense was an alibi.

No contention is made that this evidence is not sufficient to support the verdict of the jury, counsel for defendant relying on other questions to secure a reversal of the case.

It is first contended the court erred in admitting improper and illegal evidence on behalf of the state, over the objection of the plaintiff in error, which was objected to at the time and which objections were by the court overruled and to which the plaintiff in error excepted.

The first contention under this assignment is that the court permitted evidence to be introduced concerning other

and different offenses which had no proper relation to the offense with which the plaintiff in error was being tried, and could have been introduced for no proper or legal purpose.

It appears from the record that the defendant offered himself as a witness, and, on cross-examination, the county attorney asked him specifically if he had not pleaded guilty of, and been adjudged guilty of, a dozen or more various offenses committed during the 10 years prior to the offense of which he was charged. When a defendant offers himself as a witness, he occupies the same position and has no greater rights than any other witness who may testify. For the purpose of affecting his credibility, the state has a right on cross-examination to ask him if he has not been convicted of other crimes. Key v. State, 10 Okla. Cr. 206, 135 Pac. 950; Gore v. State, 25 Okla. Cr. 214, 219 Pac. 153; Graham v. Smith, 28 Okla. Cr. 266, 230 Pac. 763; Treadway v. State, 30 Okla. Cr. 239, 235 Pac. 929; Smith v. State, 34 Okla. Cr. 396, 246 Pac. 1104; Reagan v. State, 35 Okla. Cr. 332, 250 Pac. 435; Scott v. State, 50 Okla. Cr. 396, 298 Pac. 626; Kell v. State, 53 Okla. Cr. 45, 6 Pac. (2d) 836; Byrum v. State, 54 Okla. Cr. 173, 15 Pac. (2d) 1096; Hames v. State, 54 Okla. Cr. 341, 20 Pac. (2d) 915; Green v. State, 54 Okla. Cr. 450, 23 Pac. (2d) 506; Land v. State, 55 Okla. Cr. 383, 31 Pac. (2d) 158; Brock v. State, 55 Okla. Cr. 410, 32 Pac. (2d) 88; Hendricks v. State, 23 Okla. Cr. 18, 212 Pac. 330.

The trial court did not permit the state to introduce evidence of other crimes committed by defendant as substantive evidence of his guilt of this crime, but permitted the state merely, on cross-examination of defendant, to question him as to conviction for other offenses. This, of course, was permissible under the numerous holdings of

this court. The trial court, at the request of counsel for defendant, gave an instruction limiting the jury in the consideration of this evidence to the sole purpose of affecting the credibility of defendant.

It is next contended the trial court should have granted defendant a new trial because a juror named D. L. or Dave Hill, who sat in the trial of this case, had heard certain evidence at a previous trial of this case and had expressed an opinion that defendant should have been electrocuted.

On the motion for a new trial the court heard evidence in support of this contention. Two or three witnesses testified they heard the juror, prior to the trial of this case and while the first trial was in progress, express the opinion that defendant should have been convicted, and one witness went to the extent of testifying that the juror said defendant should have been electrocuted. Cross-examination of these witnesses disclosed that they were acquainted with and friends of defendant and of his family, who had no particular business to be present at the first trial except friendship for defendant and interest in his behalf. The juror took the witness stand and testified positively that he had no such conversations as those detailed by these witnesses; that he heard none of the witnesses testify at the first trial; and that he had at no time formed or expressed an opinion as to the guilt or innocence of defendant. The juror's testimony on the motion for a new trial was consonant with the testimony he made on the voir dire examination as a prospective juror.

At the conclusion of the hearing, the court found that the juror Hill was a competent, fair, and impartial juror and that the defendant had a fair and impartial trial.

The granting or overruling of a motion for a new

354

trial on the ground here presented was discretionary with the trial court, and, before this court will set aside this judgment on this ground, it must be convinced from the record before it that the trial court, in denying the motion for a new trial, clearly abused its discretion. Smith v. State, 5 Okla. Cr. 283, 114 Pac. 350; Horton v. State, 10 Okla. Cr. 294, 136 Pac. 177; Gentry v. State, 11 Okla. Cr. 355, 146 Pac. 719; Agent v. State, 18 Okla. Cr. 282, 194 Pac. 233.

There is nothing in the record to indicate any abuse of discretion by the trial court in denying the motion for a new trial on this ground.

The evidence of the state conclusively establishes the guilt of defendant. No reversible error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.