# CLARDY v. STATE.

No. A-11433. Jan. 23, 1952.

(240 P. 2d 456.)

Kight & Brainard, Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error, J. D. Clardy, defendant below, was charged by information in the county court. of Rogers county, Oklahoma, with having committed the offense of unlawful possession of intoxicating liquor on or about April 1, 1949, all within said county. He was tried by a jury, convicted, his punishment fixed at a fine of $400 and 30 days in jail, and judgment and sentence was entered accordingly.

It appears from the record that a search warrant was issued and served on the defendant at his place of business, a certain dance hall. The search and seizure revealed the defendant was in possession of a little less than a gallon of moonshine whiskey.

The defendant filed his motion to suppress this evidence on October 27, 1949, prior to trial date. The motion was overruled by the trial court on January 23, 1950. On this ruling the defendant contends the court erred in overruling his motion to suppress. The record does not contain any testimony in relation thereto. It does however show that the search was made on a search warrant which was executed on April 1, 1949. The record does not contain the affidavit or search warrant. There is however a certificate of the court reporter that the case-made is a full, true, correct and complete transcript of the testimony in the proceedings had herein. Moreover there is a stipulation of the attorneys that the case-made is a full, true and correct record, statement and transcript of all pleadings, motions, all the evidence, findings, judgments and proceedings in said cause. If this proceeding on the motion to suppress had been desired as a part of the record counsel should have so requested before signing the stipulation of attorneys. Not having done so, he is now in no position to complain. Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439:

"A case will not be reversed by reason of overruling of motion to suppress the evidence where the case-made does not contain the affidavit, the search warrant, or the evidence taken at the hearing on the motion to suppress." This contention is therefore without merit.

Defendant contends the evidence herein is insufficient and that the trial court erred in not sustaining a demurrer thereto. In this connection it must be observed when the defendant's demurrer was interposed there was no other evidence than that of the state before the court. It made a prima facie case, and was good against a demurrer. When the defendant took the stand and testified the whiskey was his but he had the same for his own personal use, such evi-

dence merely created a conflict in the testimony, the determination of which was a question for the jury. Their finding being supported by some evidence, we are not at liberty to disturb the same. As suggested by the state's Attorney General, if the foregoing rule was not binding in such cases all the defendant would have to do would be to take the stand and testify the whiskey was possessed for his own personal use but such evidence only creates a conflict and is not conclusive. Moreover, when the defendant took the witness stand in his own behalf, the jury then had before them the defendant's prior record of a former conviction for a liquor law violation. Furthermore the record both in chief and in cross-examination of the defendant shows that the defendant procured his shotgun in an apparent attempt to prevent the search and seizure, and resist arrest, stating that he was going to cause a "scatterment". To this evidence the defendant objected, and assigns the same as error. Such evidence however was admissible since the defendant's conduct in this regard amounted to resisting an arrest and constituted evidence of his guilt. Littrell v. State, 21 Okla. Cr. 466, 208 P. 1048, 1050:

"Jones on Evidence, § 287, states the law as follows: 'Thus flight, * * * attempt to escape, resistance to arrest are all facts which may tend to show consciousness of guilt, and are in common practice received in evidence as relevant.' "

To the same effect is Cox v. State, 25 Okla. Cr. 252, 220 P. 70; Hudson v. State, 78 Okla. Cr. 160, 145 P. 2d 774. The evidence was entirely sufficient to sustain the jury's verdict.

The defendant's next contention is that the trial court erred in permitting the county attorney to inquire of the defendant relative to the defendant having operated a still a short time prior to the inception of the case at bar. The defendant's answer to this inquiry was in the negative. Later the state offered the evidence of Amos G. Ward, sheriff, to impeach the defendant. The court properly sustained the objection to the attempted impeachment. This evidence was inadmissible since it did involve a collateral matter, and for the further reason there was no showing that there was the slightest connection whatever between the operation of the still and the charge herein involved so as to fall within the rule of Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, and State v. Rule, 11 Okla. Cr. 237, 144 P. 807. Rather this situation falls within the case of Wiederkehr v. State, 27 Okla. Cr. 326, 227 P. 893, holding in the body of the opinion that, every defendant has a right to be confronted with a definite accusation in writing, charging but one offense; and when placed on trial he cannot be compelled to defend against other offenses not part of the res gestae and having no connection with the offense charged, etc. In the absence of showing the operation of the still bore some direct relation to the possession charge herein, the repeated attempt on the part of the county attorney to elicit such evidence, in the absence of an admonition from the trial court to the jury to disregard such a showing, constituted error. However in light of the clear evidence of guilt, such error does not constitute grounds for reversal herein. It may, however, have prompted the jury to increase the punishment on the theory that the defendant was not only guilty of possession but also of operating a still.

Finally, the defendant says the verdict is excessive. In light of the foregoing facts, particularly the interrogation of the county attorney in relation to the operation of the still, which apparently was not predicated upon a conviction, and under the circumstances of the showing made in that regard in this case must be considered as a separate and disconnected offense, the attempt by the county attorney to establish the fact that the defendant was connected with the operation of the still may have incited the jury to assess a fine altogether inconsistent with

the jail term imposed. We are therefore of the opinion the defendant should be and hereby is given the benefit of a belief of prejudice in this regard, and the punishment is accordingly modified to $200 fine and 30 days in jail instead of a fine of $400 and 30 days in jail, and as so modified the judgment and sentence herein imposed is otherwise accordingly affirmed.

JONES and POWELL, JJ., concur.