**Jackie RHODES and Edward J. Large, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–528.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1985.

Opio Toure, Asst. Appellate Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Jackie Rhodes and Edward J. Large were convicted of Burglary in the Second Degree After Former Convication of a Felony, and were sentenced to ten (10) years in prison. On appeal, they present six assignments of error. We affirm.

The first assignment of error deals with alleged improper cross examination of a defense witness. It was not erroneous to permit the prosecutor to question the witness concerning prior criminal charges brought against him, since the witness indicated on direct that he had never been accused of a crime he did not commit. The reason for the rule against impeaching on charges of criminal misconduct is "that innocent men are often arrested [and] charged with a criminal offense." *Slater v. United States*, 1 Okl.Cr. 275, 98 P. 110, 112 (1908).

Moreover, appellant waived any error in examination of the witness concerning details of his prior misconduct by his failure to object. Before this Court can

consider alleged improper cross examination by the State, defense counsel must object and obtain a ruling. See, *Byrum v. State*, 54 Okl.Cr. 173, 15 P.2d 1096 (1932). Cf. *Wolf v. State*, 375 P.2d 283 (Okl.Cr. 1962) (such cross-examination *of the accused* may warrant modification of sentence).

■ The second assignment concerns the alleged impeachment of the defense witness on a collateral matter by extrinsic evidence. The witness claimed to have committed the crime charged against the appellants. On cross, he denied recently confessing falsely to five other crimes in Bokchita, Oklahoma. On rebuttal, the State offered proof of the prior confession.

At the time of the prior confession, the witness, who had three prior convictions, faced eleven charges in two states, besides the Bokchito crimes. He was almost certain to receive a lengthy prison sentence, and had nothing to lose by confessing to additional crimes he did not commit. See, *Hemphill v. State*, 634 S.W.2d 78 (Tex. App.1982), and *Bellew v. Gunn*, 424 F.Supp. 31 (N.D.Cal.1976), aff'd on other grounds, 532 F.2d 1288, cert. den., 426 U.S. 753, 96 S.Ct. 3180, 49 L.Ed.2d 1192.

The prior confession was part of cooperation which led to a plea agreement, and could be found to have been an unscrupulous attempt to curry favor with the State. By the time of trial in the case at bar, the witness had received two life sentences, and again had nothing to lose by falsely confessing to curry favor with the appellants, whom he had met in jail.

■ Evidence of the bias, corruption or interest of a witness is not collateral, and may be proved by extrinsic evidence. See, *Foster v. United States*, 282 F.2d 222 (10th Cir.1960); *United States v. Hively*, 547 F.Supp. 318 (M.D.Pa.1982). "Corruption" includes "the conscious false intent which is inferrible from giving or taking a bribe *or from expressions of a general unscrupulousness for the case at bar.*" 3A Wigmore on Evidence § 945 (Chadbourn rev. 1970) (emphasis added). Since

a *partiality* of mind at some *former time* may be used as the basis of an argument as to the same state at the time of testifying; though the ultimate object is to establish partiality at the time of testifying,

*Wigmore*, supra, § 940 at 776; *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974). Note 5; *Johnson v. Brewer*, 521 F.2d 556 (8th Cir.1975), we find no error in the admission of the evidence.

■ The third assignment of error complains of the endorsement of prosecution witnesses on the day of trial. However, the witnesses were bondsmen who had posted appearance bonds for the appellants in this cause, and the defense had been advised some two weeks earlier that the State intended to offer appellants' forfeitures of the bonds in evidence at trial. Endorsement of a witness on an information may be permitted at any time in the trial court's discretion. *Stilwell v. State*, 559 P.2d 1263 (Okl.Cr.1977). No surprise or prejudice could have resulted, and no abuse of discretion is shown.

■ The fourth assignment relates to the use of the bond forfeitures as evidence of flight at trial. However, evidence that the defendant forfeited an appearance bond in the case in which he is on trial is of the same stripe as evidence of flight or escape from jail while awaiting trial, and is admissible. See *Strickland v. State*, 137 Ga. App. 628, 224 S.E.2d 809 (1976). Moreover, proof of flight is a proper use of other crimes evidence, despite its ommission from the list of uses in 12 O.S.1981, § 2404(B). That provision authorizes the use of other acts or crimes for "other purposes" than proof of character, "such as" those enumerated; it clearly was not intended to be exhaustive or exclusive. See *United States v. Masters*, 622 F.2d 83 (4th Cir.1980); and *Government of Virgin Islands v. Carino*, 631 F.2d 226 (3d Cir.1980).

■ The fifth assignment of error relates to the submission of a flight instruction to the jury. The forfeiture of the

appearance bonds constituted evidence of flight, *Strickland v. State*, supra, and the instruction was thus proper. See *Denney v. State*, 346 P.2d 359 (Okl.Cr.1959) (flight instruction is improper in the absence of evidence tending to show flight). Also, cases from other jurisdictions questioning the appropriateness of flight instructions generally are not persuasive, since this Court has long approved the giving of such instructions in proper cases. See *Alberty v. State*, 561 P.2d 519 (Okl.Cr.1977); *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72 (1952); and *Bruner v. State*, 31 Okl.Cr. 351, 238 P. 1000 (1925).

The final assignment of error deals with alleged improper closing argument by the State. However, defense counsel failed to object to the remarks at trial. Viewed in the context of the closing argument as a whole, we find that the remarks were not of such nature that they could not have been corrected by instructions to the jury. See *McCall v. State*, 539 P.2d 418 (Okl.Cr. 1975).

The judgments and sentences are AFFIRMED.

PARKS, J., concurs.

BRETT, J., concurs in results.