**Stephen J. GAINES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–306.**

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Stephen J. Gaines was convicted in Osage County District Court of Robbery with a Firearm and received a sentence of twenty-two years' imprisonment.

Appellant was convicted of robbing a convenience store in Pawhuska, Oklahoma. He was intercepted on June 30, 1983, at a road block, a few minutes after the theft had occurred. He broke away from the police officers and fled in his automobile, traveling at estimated speeds of 100 miles per hour. He traveled on the left-hand side of the highway and caused one vehicle to run off of the roadway.

Appellant's wheels locked when one of his front tires was shot by a deputy sheriff. Before his vehicle came to a stop, he jumped from it and fled on foot. He was not seen again until the next morning when he was found on foot in Shidler, Oklahoma. He fled again, but was caught and arrest-ed. At the police station, he confessed to the robbery.

Appellant first complains that the State improperly introduced evidence of bad acts and other crimes. Specifically, appellant complains because the State presented evidence that: he fled the roadblock at speeds of up to 100 miles per hour; that other drivers were endangered; that he jumped from his car with his rifle in hand; that two boxes of rifle shells were found in his vehicle as were several knives; that several shots were fired in his direction by law officers; that the next morning he was again chased, this time by seven law officers with shots again fired in his direction; and, that the hollow point bullets found in the revolver carried during the robbery could cause more damage than regular bullets.

Appellant claims all of this evidence was irrelevant and prejudicial to his case. However, this Court considers evidence of flight or escape from custody admissible to show consciousness of guilt. *Rushing v. State*, 676 P.2d 842 (Okl.Cr. 1984); *Odum v. State*, 651 P.2d 703 (Okl. Cr.1982). Occurrences forming an integral part of the transaction, formerly called the res gestae, are those that complete the picture of the offense charged. The evidence complained of was part of the entire transaction and admissible though tending to show the accused committed other crimes. *Edmondson v. State*, 527 P.2d 190 (Okl.Cr.1974); *Shetsky v. State*, 290 P.2d 149 (Okl.Cr.1955).

Likewise, evidence concerning appellant's possession of the rifle and ammunition was admissible because it was a part of the entire transaction. *Clardy v. State*, 95 Okl.Cr. 89, 240 P.2d 456 (1952). This is true even when a weapon is not actually used during an offense, but is simply connected to the defendant. *Edmondson v. State*, 532 P.2d 81 (Okl.Cr.1975).

The jury was admonished not to consider the evidence of the knives found in appellant's automobile and were told that they were unrelated to the offense

charged. Any error in this regard was cured by the trial judge. *Green v. State,* 54 Okl.Cr. 450, 23 P.2d 506 (1933).

 The trial judge found the evidence concerning the hollow point bullets relevant in that they were bullets found in the revolver that appellant admittedly carried in the robbery. We find no error in the admission of this evidence as it too was a part of the entire picture of this transaction. *Clardy,* supra.

Appellant claims that he was denied a fair and impartial trial because of a number of prejudicial and improper comments made by the prosecutor. In all but one instance, there were no contemporaneous objections to the remarks preserving error. *Myers v. State,* 623 P.2d 1035 (Okl.Cr. 1981).

We have made a careful review of the comments and do not find them to exceed the liberal range of discussion, illustration, and argumentation of the evidence which is allowed. *Frazier v. State,* 607 P.2d 709 (Okl.Cr.1980). Counsel may argue the evidence from his or her view, and not every slight excess by the prosecution requires relief. *Aiuppa v. United States,* 393 F.2d 597 (10th Cir.1968). We find no error.

Finally, appellant asks this Court to modify his sentence on the basis of excessiveness. He claims that a number of factors contributed to his prejudice. He contends the evidence and comments previously assigned as error in this opinion harmed him. But in light of the overwhelming evidence of guilt, and our failure to find error in them, this claim is meritless.

One of three verdict forms submitted to the jury indicated that a sentence of life imprisonment could be imposed. Appellant reasons that such a form indicated to the jury the judge's opinion that life was the appropriate sentence. This argument fails in that the jury gave a much reduced sentence and could not have been affected as described by appellant. Any error was

harmless. *Smith v. State,* 656 P.2d 277 (Okl.Cr.1982).

Upon comparison of his sentence to that of like offenders, appellant argues that his is excessive. Also, because of his age of nineteen years and minimal criminal history among other factors, he believes the mitigating circumstances warrant a reduction of his sentence.

The rule governing this issue is that a sentence within statutory limits will not be modified unless it shocks the conscience of this Court. *Yates v. State,* 620 P.2d 413 (Okl.Cr.1980). Consideration must be given to the facts and circumstances surrounding each case.

We do not find the sentence to be excessive. The punishment range was five years' to life imprisonment. 21 O.S.1981, § 801. And though youthful, he had previously pled guilty to a charge of Burglary in the Second Degree, and received a deferred sentence. The trial court considered these matters, among others, prior to sentencing.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., concurs in results.