F.D.H., a juvenile, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J-87-17.

Court of Criminal Appeals of Oklahoma.

March 5, 1987.

As Corrected April 8, 1987.

Paula J. Alfred, Asst. Public Defender, Tulsa, for appellant.

J. Dennis Semler, Asst. Dist. Atty., Barry Bostrom, Legal Intern, Tulsa, for appellee. ·

## OPINION

PARKS, Judge:

The appellant, F.D.H., a juvenile, was convicted in a non-jury trial of Possession of a Stolen Vehicle in violation of 47 O.S. 1981, § 4–103, in Case No. JVJ–86–745, in Tulsa County District Court before the Honorable Thomas S. Crewson, Special Judge. We affirm.

In his sole assignment of error, the appellant contends that the evidence was insufficient to prove him guilty of the crime charged beyond a reasonable doubt, and that reversal, or alternatively modification to Tampering With a Vehicle under 47 O.S. 1981, § 4–104, is warranted. Briefly stated, the evidence presented by the State showed that around 3:10 a.m. on August 8, 1986, Officer Steve Middleton of the Tulsa Police Department answered a call concerning a car stripping in progress. When he arrived at the scene, Officer Middleton observed two black men stand up from a kneeling position beside a car, that was missing both front wheels and tires, and start running. Following a rather long chase, the officer apprehended the appellant whom he positively identified as one of the two men he saw standing by the partially stripped car. Officer Middleton's examination of the car revealed that the steering column had been broken so that the starting mechanism was exposed. Middleton said that he got a clear look at the appellant and his clothes by turning on his bright lights in his patrol unit. Fred Clements, the owner of the vehicle, last saw his car parked in his driveway around 10:15 p.m. on August 7, 1986. He said that the doors were locked at that time. Clements had not given anyone permission to take, use, drive or tamper with his car. After his car was recovered, Mr. Clements said that the wheels and tires were off of it, and that the steering column had been broken.

Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202, 203–04 (Okl.Cr.1985). In making this assessment, the reviewing court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State,* 729 P.2d 509, 510 (Okl.Cr.1986). Circumstantial evidence and reasonable inferences drawn therefrom, which have the same probative effect as direct testimony, need not exclude every conceivable hypothesis or negate any possibility other than guilt. *See Fiorot v. State,* 641 P.2d 551, 554 (Okl.Cr.1982), *cert. denied,* 469 U.S. 847, 105 S.Ct. 159, 83 L.Ed.2d 96 (1984).

Elements of the offense charged are: (1) a person not entitled to the possession of a vehicle; (2) who receives, possesses, conceals, sells or disposes of it; (3) knowing it to be stolen or converted under circumstances constituting a crime. 47 O.S.1981, § 4–103. It is undisputed that the appellant was not entitled to the possession of the car. Further, reasonable inferences could be drawn from the appellant's presence at the scene of the car stripping whereby a rational trier of fact could conclude that appellant was involved in the reception, possession, disposal or sale of the vehicle or its missing parts, knowing it was stolen or under circumstances constituting a crime. Evidence of the appellant's flight from the scene of the car stripping tended to show consciousness of guilt. *See Gaines v. State,* 724 P.2d 260, 261 (Okl.Cr.1986); *Farrar v. State,* 505 P.2d 1355, 1360 (Okl.Cr.1973).

We must reject appellant's contention that it would have been reasonable for

310

a rational trier of fact to conclude that the appellant was simply "walking by the vehicle" at 3:10 a.m. in the morning, in the apartment complex where he lived. Such a hypothesis was not reasonable in light of the Officer's testimony that appellant was kneeling near the car, which had missing wheels and tires, and a broken steering column. Finally, the fact that the car must have been removed from the owner's residence and taken to the scene of the stripping supports reception, possession and disposal of a stolen vehicle, and not merely tampering with a vehicle. Appellant was clearly aware that he was not entitled to possess or tamper with Mr. Clement's vehicle.

For all of the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.