Florence FISHER, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-445.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1988.

Johnie O'Neal, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Florence Fisher, Jr., was tried by jury in the Tulsa County District Court, Case No. CRF-84-3763, and convicted of Murder in the First Degree in violation of 21 O.S.1981, § 701.7. Appellant was sentenced to life imprisonment in accordance with the jury's recommendation. From this judgment and sentence, appellant has perfected a timely appeal to this Court.

On October 3, 1984, appellant shot and killed Ford Byrd. The testimony at trial was conflicting and in essence became a swearing match between appellant and his ex-wife, Stella Fisher. Appellant admitted shooting Byrd, but claimed that he did it in self-defense. He testified that on the night of the homicide, he had gone to his ex-wife's house to resolve child visitation problems. When he arrived, Byrd and his ex-wife were already having a conversation on the front porch and he immediately took his ex-wife into the house for a discussion. Appellant claimed Byrd then burst into the house, ignored his warning, and charged him, at which time appellant discharged the fatal shot.

Ms. Fisher, however, denied appellant's allegation that they were having any child visitation problems. She testified that several months had elapsed since appellant had visited his son, that appellant did not see his son very often, and that there had not been any disagreement regarding child visitation within the last year. In her account of the homicide, she testified that

appellant arrived at her home immediately following Ford Byrd and shot Byrd for no apparent reason as he approached her house.

Appellant then offered the testimony of Carol Townsend to rebut Stella Fisher's testimony that appellant and their son had not been in contact for several months. Ms. Townsend testified that she had been with appellant in late August when he had gone to his ex-wife's home to visit his son. Before she could continue, however, the State objected, contending that such testimony concerned collateral issues and that impeachment on such issues would be improper. The trial court sustained the objection.

Appellant argues in his sole proposition that the trial court committed reversible error by improperly excluding bias testimony. Appellant claims that he offered Carol Townsend's testimony as proof that he and Stella Fisher, in the past, had disagreements over child visitation. These disagreements, he argues, were proof that Ms. Fisher's testimony was biased against him. While appellant concedes that section 2608(B) of Title 12 prohibits the use of specific instances of a witness's conduct to impeach the credibility of that witness, he claims that impeachment of a witness through extrinsic evidence—such as Ms. Townsend's testimony is not improper when it exposes the witness's bias.

■ We agree with appellant that the prohibition against extrinsic evidence of specific instances of conduct found in section 2608(B) is inapplicable to impeachment evidence which tends to show a witness's bias. *Foster v. United States,* 282 F.2d 222 (10th Cir.1960). The general rule is that evidence of bias is *never* collateral and may be proved extrinsically because it is "always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). *See also Rhodes v. State,* 695 P.2d 861 (Okl.Cr. 1985). Ms. Townsend's testimony did not, however, tend to prove Ms. Fisher's bias.

In support of Ms. Townsend's testimony, appellant made the following offer of proof:

If the witness Carol Townsend were allowed to testify she would testify that on several occasions she has accompanied the defendant to the home of Stella Fisher, has observed him and his son visit and was last with them in August of this year where they went to a rodeo together; and would also testify on two occasions she knows of Mr. Fisher has been over to Stella Fisher's house and done work for her. This would be in direct contradiction to Mrs. Fisher's testimony there had been no contact between Mr. Fisher and his child for several months. And the defendant's purpose in offering that is to show the *untruthfulness* or *lack of veracity* or truth that the witness Stella Fisher has (emphasis added).

As is evident from this offer of proof, Ms. Townsend's excluded testimony would not have shown Ms. Fisher's bias or her motive for testifying in a particular manner, but instead was an attempt to impeach her testimony by offering specific instances in which she apparently *was* aware that appellant had visited their son.

■ If a witness on cross-examination denies the impeaching conduct about which he or she is questioned, counsel is bound by the answer given and may not offer extrinsic evidence to contradict the witness. *Woods v. State,* 657 P.2d 180 (Okl.Cr.1983). Appellant was therefore bound to accept the testimony of his ex-wife, Ms. Fisher, on cross-examination, and could not use the extrinsic testimony of Carol Townsend to contradict Ms. Fisher's statements concerning the regularity of contact appellant had with his son. Because the proffered testimony was not offered to show bias, but was instead used to contradict Stella Fisher's testimony, we find that it was properly excluded.

Finding no error, this judgement and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.